## WILLIE JOHNSON v. THE STATE.

No. 14375.   Delivered June 17, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*D. E. O'Fiel,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, two years in the penitentiary.

The record appears in an unfortunate condition, disclosing quite a controversy. The court declined to approve the statement of facts prepared by appellant's counsel, and filed one of his own. Appellant's counsel was dissatisfied with that filed by the court and filed one of his own. The court declined to approve the single bill of exception prepared by appellant, and filed his own bill. Appellant was dissatisfied with the court's bill and attempts to file a bystanders' bill. The whole controversy revolves around the statement of facts and some exculpatory statements claimed by appellant to have been made by witnesses which do not appear in the statement of facts prepared by the court. We have examined all of the documents but fail to see how the contention between the trial court and counsel for appellant could affect the decision of this case.

Appellant pleaded guilty, thereby admitting all of the material facts alleged in the indictment. Upon his plea of guilty the jury found him guilty and gave him the lowest penalty for the offense charged. They could have done no more for him had the proceedings been as contended by appellant's counsel in his controversy with the trial court.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—It appears that counsel for the state and the accused could not agree upon a statement of facts. Appellant's counsel presented to the trial judge a statement of facts which the judge declined to approve, but prepared and filed his own statement of facts. Appellant excepted to the action of the court in the procedure mentioned. The court declined to approve the appellant's bill of exception and prepared his own bill in which it is stated that there was presented to him a statement of facts which had not been approved by state's counsel; that he did not approve it but prepared and filed one of his own. In a bystanders bill it is stated that the testimony heard upon the trial was not taken down by the court stenographer, and that in the preparation of the statement of facts it was necessary to rely upon memory; that in the statement of facts prepared by the court there is omitted certain testimony of an exculpatory effect, namely, the testimony of Officer Cothan to the effect that the appellant had at first disclaimed any knowledge of the whereabouts of the stolen goods and later stated in substance that Empress Lovely (who had been convicted for stealing the goods), had placed them in a space rented from the appellant and that he did not know that they were stolen property. From the statement of facts as filed by the court, it is shown that Officer Cotham testified that at the time of learning of the theft of the goods he had information implicating Empress Lovely. He later arrested Willie Johnson, who at first denied knowledge of the whereabouts of the stolen goods but afterwards stated in substance that the goods had been placed in his store by Empress Lovely. The goods were found in the appellant's store.

Another witness testified that the appellant and Empress Lovely were co-actors in the theft.

The slight difference in the two statements of facts seems of little moment. The evidence, aside from the appellant's confession, is quite sufficient to show his guilt. His plea of guilty admitted his guilt. See Vernon's Ann. Tex. C. C. P., vol. 1, art. 501, p. 390; Gipson v. State, 86 Texas Crim. Rep., 364; Crumbley v. State, 103 Texas Crim. Rep., 391. The verdict rendered was for the lowest penalty.

The motion for rehearing is overruled.

*Overruled.*