LISTER THOMPSON V. THE STATE.

No. 16961.   Delivered November 14, 1934.
State's Rehearing Denied January 2, 1935.
Reported in 77 S. W. (2d) 538.

The opinion states the case.

*W. B. Thomas,* of Groveton, for appellant.

*W. C. McClain,* Dist. Atty., of Conroe, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The opinion on the former appeal will be found in 63 South Western, Second Series, at page 849.

We deem it unnecessary to set out the evidence, as the testimony adduced upon the present trial was substantially the same as that shown in the opinion on the former appeal.

Appellant entered a plea of guilty. During the progress of the trial he introduced witnesses who gave testimony deemed by the trial court to raise the issue of insanity at the time of the commission of the offense. After defining insanity the trial court instructed the jury to acquit appellant if they believed he was insane at the time he committed the offense. In addition to the foregoing charge, the court instructed the jury to convict appellant upon his plea of guilty and assess his punishment at death or confinement in the penitentiary for life or for any term of years not less than two.

Appellant insists that the court should have submitted the case on a plea of not guilty. In Yantis v. State, 255 S. W., 180, on motion for rehearing, this court, speaking through Judge Lattimore, used language as follows: "It was proper for the learned trial judge, when appellant entered a plea of guilty, if evidence be introduced tending to show him insane at the time of the commission of the offense, to have the plea of guilty withdrawn and a plea of not guilty entered, preferably by appellant or his counsel; but, if they would not, then by the court for appellant."

In Taylor v. State, 227 S. W. 679, this court said that in no case can the trial court accept a plea of guilty and at the same time accept a plea that the accused was insane at the time the offense was committed. See also Harris v. State, 172 S. W., 975; Johnson v. State, 48 S. W. (2d) 274. Manifestly, the charge of the court on insanity is inconsistent with that part of the charge instructing the jury that appellant had entered a plea of guilty, and that he should be convicted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The district attorney has presented in behalf of the State a motion for rehearing displaying research and commendable zeal which he has endeavored to sustain by both written and oral argument.

In articles 500, 501 and 502, C. C. P., the Legislature has prescribed the procedure to be followed by the court under the circumstances presented in this appeal. In article 500, it is said in substance that if the accused answers that he is not guilty the same shall be entered upon the minutes. If he refuses to answer, a plea of not guilty shall nevertheless be entered. In art. 501, supra, it is declared: "If the defendant plead guilty, he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt."

In art. 502, supra, it is said in substance that where the accused in a capital case persists in pleading guilty, a jury shall be called to assess his punishment. Among the cases in point are the following: Johnson v. State, 42 S. W. (2d) 420; Anderson v. State, 118 Texas Crim. Rep., 194, 42 S. W. (2d) 1012. From the latter case the following quotation is taken: "Under the statute (articles 501, 502, C. C. P.) governing the entry of a plea of guilty, the entry of the plea, after due admonition, is conclusive of guilt, unless the evidence introduced upon the trial makes manifest the innocence of the accused. Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W., 975. Upon a plea of guilty, the hearing is, not to determine the guilt of the accused, but to enable the jury to assess the punishment. Garcia v. State, 91 Texas Crim. Rep., 9, 237 S. W., 279; Bennett v. State, 98 Texas Crim. Rep., 661, 267 S. W., 987."

Nothing novel is presented in the Anderson case, supra, but it merely emphasizes what has been understood by the writer to be the uniform law of the State. There are instances in which the trial court has been impelled to withdraw the plea of guilty after it has been received and to enter in behalf of the accused a plea of not guilty. There are also some instances in which the appellate court has been constrained to reverse the conviction

when the case was submitted to the jury on a plea of guilty, the reversal taking place because the appellate court was of the opinion that the evidence showed the innocence of the accused. See Cleland v. State, 93 Texas Crim. Rep., 503; Bennett v. State, 98 Texas Crim. Rep., 660; Anderson v. State, supra. Among the recent cases supporting the disposition made of the case on the present appeal the following may be mentioned: Hoskins v. State, 57 S. W. (2d) 156; Bunch v. State, 59 S. W. (2d) 394; Holley v. State, 55 S. W. (2d) 1040.

Upon the record before us and under the law as the members of this court comprehend it, the State's motion for rehearing must be overruled. It is so ordered.

*Overruled.*