JOHN NAVARRO V. THE STATE.

No. 21263. Delivered November 27, 1940.

Rehearing Granted February 19, 1941.

The opinion states the case.

*Collins, Williams, Hatchell & Garrison,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant plead guilty to a charge of assault to murder and asked for a suspended sentence. His case was presented to a jury and he was assessed a penalty of five years in the penitentiary without a suspended sentence. The record shows that

the court appointed an attorney to represent him in presenting his plea for a suspended sentence. It shows further that the court admonished appellant of the consequences of his plea of guilty.

The record is before us without bill of exception complaining of the introduction of testimony or any ruling of the court during the trial.

As we understand the things that took place, the appellant had no attorney to represent him when he came into court. The evidence was properly presented which would have authorized the jury to have suspended his sentence had they, in their judgment, felt that it was a proper case to do so. After this a motion for rehearing was duly presented and overruled. Thereafter some friend became interested in appellant and secured other counsel to represent him who prepared and presented to the court a motion asking that he set aside the proceedings; set aside his order overruling the motion for new trial and permit him to withdraw his plea of guilty. Among other things, it is alleged that the appellant was a Mexican who did not understand the English language sufficiently to comprehend the result of his act in pleading guilty. This motion was ably presented and, as we interpret the order of the court thereon, was overruled because the trial court did not agree to the facts or concur in the "equities" pleaded. There is no contention that the trial judge did not have the power to set the order aside and that question is not here passed upon.

We do find in the record what is denominated a bill of exception, which includes the motion filed to set the proceedings aside and grant a new trial. It also includes complaints about various things appearing in the trial, to which no bill of exception was taken at the time. While this instrument was filed in the court below, it apparently had no purpose in that court other than to be transmitted with the record to this court under the name of a bill of exception. It, in fact, is a plea that this court consider the equities of the case; that we substitute our judgment in discretionary matters for that of the trial court. We have no such jurisdiction.

An affidavit was filed originally in this court by the appellant's attorney, setting out facts which, from his standpoint, would, undoubtedly, have appealed to the trial judge. None of these matters, however, may be considered in this court.

It is suggested that even though the appellant had pleaded guilty, it became the duty of the trial court under the facts to

withdraw his plea and enter for him a plea of not guilty. This is based upon excerpts from the testimony of appellant in reply to the question as to why he shot Y'Barbo. To this question he replied that when they first met at this particular time, Y'Barbo went around the house and he thought he was going in the house to get a gun; that Y'Barbo went to the door and could not get in and he came back and started off of the porch to the gate and that is when appellant shot him; that he did so because he thought Y'Barbo was seeking to get a firearm with which to shoot appellant.

The court in qualifying the bill of exception made substantially this statement, and added the following:

"The defendant in the trial testified to such state of facts as would have warranted the court in submitting the issue of self defense to the jury had he not entered his plea of guilty."

When a plea of guilty is entered and the proof contains evidence which, if believed, show the innocence of the accused, it may and sometimes does become the duty of the trial court to withdraw the plea of guilty and have entered for the defendant a plea of not guilty. This is most frequently true where the mental capacity of the party on trial becomes a proper question under the evidence for the jury. (Thompson v. State, 77 S. W. (2d) 538; Edwards v. State, 114 S. W. (2d) 573; Yantis v. State, 255 S. W. 180.)

Judge Davidson said in Harris v. State, 172 S. W. 975:

"If the defendant pleads guilty, and the facts should develop that he is not guilty, but acted purely in self-defense, it would be the duty of the court to see that no conviction was had, although a plea of guilty was entered."

See also Villa, et al, v. State, 53 S. W. (2d) 1023, in which Judge Lattimore says under certain circumstances that it would be a better procedure to have the plea of guilty withdrawn and the case concluded upon the entry of a plea of not guilty.

We agree with the question of law raised, but the facts in the trial judge's certificate and which are quoted as a part of the evidence are not sufficient to warrant a jury in concluding that appellant acted in self defense. If the language of the learned trial judge is to be understood as reaching a conclusion that the testimony which he quotes from the record was sufficient to raise such issue, then we think that conclusion was error and that his certificate does not certify error in the trial. We must con-

sider the entire certificate and would not feel bound by the trial judge's conclusions on a legal question. Pounds v. State, 81 S. W. (2d) 698, 128 Texas Cr. Rep. 519.

We find no error which may be considered by this court. The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant complains because of the fact that, as he claims, he was deprived of a statement of facts with no fault upon his part. It appears from an affidavit herein filed by appellant's attorney, J. J. Collins, that upon the trial of this cause the trial court appointed an attorney to advise with appellant relative to the filing of an application for a suspended sentence. That such a plea was filed by the attorney, and after what the trial court considered a proper understanding of the statutory warning, appellant pleaded guilty to the offense of murder, which was charged in the indictment. Appellant and his son were both charged with the same offense in the same indictment. It appears from the record that testimony was offered both by the State and the defendants, and the jury granted appellant's son's plea for a suspended sentence, but refused that of appellant, and he was sentenced to a term of five years in the penitentiary. It further appears that no notes were taken by the court reporter relative to the testimony heard at the trial, and upon appellant giving notice of an appeal to this court, neither the trial court, the reporter, the State's Attorney, nor the counsel appointed by the court were able to make up a statement of such facts from memory, and though demanded by appellant's later employed attorney, no statement appears in the record.

A motion for new trial was filed by the attorney who had been appointed by the court to represent appellant. The motion was overruled on April 5, 1940, to which order appellant excepted and gave notice of appeal to this court. Appellant's bond pending appeal was fixed at $2,500.00, and on the same day, April 5th, appellant entered into recognizance and was released pending the appeal. On April 13th, during the trial term of court, but after the jurisdiction of this court attached appellant, through his present attorney, filed a motion requesting the trial court to reopen the case and again consider a motion for new trial.

There is no question but that the trial court had control

over its judgments and orders during the term at which they were entered, *provided* the court had not lost jurisdiction by reason of the notice of appeal. Said notice of appeal was never withdrawn. Article 828, C. C. P. makes it very clear that after notice of appeal is given it suspends and arrests "all further proceedings in the case in the court where the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken." The only thing the trial court may do in a case after notice of appeal has been given is to substitute lost or destroyed records. Tores v. State, 74 Texas Cr. R. 37, 166 S. W. 523. The trial court heard evidence on the motion which had been filed on April 13th, overruled the motion, and appellant undertakes to bring before this court by bill of exception certain things regarding the original plea entered by appellant and other matters. This bill of exception has no part in the record. The trial court was without jurisdiction to entertain the motion or to hear evidence relating thereto.

Appellant urges that he has been deprived of a statement of facts. In so far as the recitals of the trial judge in the so-called bill of exception relates to or throws light on that issue we think it may be considered, the same as an independent statement of the trial judge could be looked to, because it relates to a matter not a part of the trial record, but to something occurring subsequent to the trial.

An accused may appeal his case although he has entered a plea of guilty. Sec. 1 of Art. 760, Vernon's Ann. C. C. P. of Texas, as amended by Acts 42nd Legislature, 1st C. S., Ch. 34, reads as follows:

"Where the defendant in a criminal case appeals, he is entitled to a statement of facts certified by the trial judge and sent up with the record; provided that said statement of facts shall be in narrative form."

Section 6 of said Art. 760 provides:

"When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant. In all cases where the court is required to and does appoint an attorney to represent the defendant in a criminal action, such reporter shall be required to furnish the

attorney for said defendant, if convicted and where an appeal is prosecuted, with a transcript of his notes. For each said service he shall be paid by the State of Texas, upon the certificate of the trial judge, one-half of the rate provided by law in civil cases."

Art. 2324 R. C. S. points out the duties of the Court Reporter, one of which is to "attend all sessions of the court, take full shorthand notes of all oral testimony offered in every case tried in said court." etc.

While Section 7 of Art. 760 C. C. P. points out that parties may prepare a statement of facts independent of the notes of the official reporter, in the practical operation of the trial courts attorneys and judges are so accustomed to rely on the reporter that they have ceased to take notes themselves or to charge their minds with the facts developed upon the trial.

The trial judge certifies in the so-called bill of exception that appellant advised the court that appellant desired to make application for a suspended sentence and that the court appointed an attorney to prepare and present such application, "and that otherwise the defendant was not represented by counsel in the trial of his said cause;" that none of the testimony of the witnesses upon the trial was taken by the court reporter; that the trial judge remembers part of the testimony of some of the witnesses, but that the testimony of other witnesses he does not remember, but could recall substantially what evidence they gave; that counsel now representing appellant requested of the trial judge a narrative statement of facts certified by him.

Appellant's present counsel—as shown by his affidavit filed in this court—requested the court reporter to furnish counsel with a statement of facts for which he would be paid, and that upon being advised by the reporter that he was not present at the trial and took no notes of the evidence given counsel sought the assistance of appellant in making up a statement of facts, but that appellant was unable to give him any aid whatever; that the attorney appointed by the court to represent appellant would not attempt to make a statement of facts because he had not taxed his memory with any of the evidence given; that the district attorney was then requested to make up a statement of facts, but he advised counsel for appellant that he (the district attorney) had no sufficient recollection of the evidence to undertake it; that present counsel for appellant then requested the trial judge to make up a statement of facts, but

this had not been furnished.

Appellant undoubtedly had the right to appeal; having this right he was also entitled under the provisions of the statutes heretofore quoted to have a statement of the evidence taken upon his trial. Under the circumstances heretofore related it seems that without fault on his part he has been deprived of a statement of facts, and that a reversal of his case must follow.

This case demonstrates the advisability of having the court reporter take the evidence even on a plea of guilty, as the failure to do this in the present instance is the primary cause of not having a statement of facts before us.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.