Michael Ray HARRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 37478.

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied Feb. 10, 1965.

Charles W. Tessmer, Dallas (On Appeal Only), Emmett Colvin, Jr., Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Don Wills, George Milner and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft of an automobile; the punishment, 3½ years.

Trial was before a jury on a plea of guilty. Appellant's plea for suspension of sentence was rejected by the jury.

The indictment alleged the theft of an automobile of the value of over $50 from Melba Paul on or about October 5, 1963.

Miss Paul testified that on said date she owned a 1960 Chevrolet Impala white sports coupe automobile which she had purchased in May, 1963, for $1695.00 which had a reasonable market value of over $50. About 10 P.M. she parked said automobile in front of the apartments at 4211 San Jacinto, where she lived, and went inside. About midnight, when she went out to put the car in the parking area provided by the apartments, it was gone.

She did not know the appellant and did not give him or anyone else permission to take her automobile. About 1 A.M. Officer Hogue called her and they had a conversation with reference to her automobile. She saw the car some three weeks later, "burned completely up, smashed all over— a complete total loss."

Officer Claud Hogue testified that at about 12:45 A.M. he was at a service station in Royce City and saw a car coming from Dallas on Highway 67 at a very high rate of speed; saw the car hit the concrete esplanade at an overpass and flip over one and a half times, landing on its top. He described the automobile as "a white 1960 Chevrolet."

Deputy Sheriff Munce testified that he heard the noise; went to the scene and saw a blaze coming from under the hood of the upturned car. After a conversation with a colored boy, he went east some 400 yards and found the appellant. He asked appellant "if he was involved in this car that was burning," and he said, "No, I am hitch-hiking, trying to catch a ride."

Appellant's written confession to Detective J. D. Byrom was offered in evidence after Officer Byrom had testified that he talked with him "with reference to the obtaining of a voluntary statement with reference to the theft of a 1960 Chevrolet Impala automobile which had been taken the previous night on San Jacinto Street here in Dallas County, Texas," and had given him the warning which appeared at the top of the statement which complies with Art. 727 Vernon's Ann.C.C.P.

The statement was admitted in evidence after it had been examined by appellant's trial counsel and he had stated "No objection."

The statement contains the following confession of appellant: "On the 5th of October at approximately 12 midnight I was walking down San Jacinto Street. I saw a 1960 white Chevrolet parked at the curb. I looked in the car and saw that the ignition was unlocked. I got in the car and drove it away. I was going to my sister's house in Yantes, Texas. I was on U.S. Highway 67 when I hit a curb. I lost control of the car and it turned over two or three times. I got out of the car and it started burning. I got back on the highway and began hitching a ride and the police picked me up."

Appellant's counsel on appeal urges four grounds for reversal.

■ First, he contends that the trial court erred in directly submitting to the jury evidence as to the voluntariness of the confession.

The undisputed evidence was that the confession was voluntarily made in compliance with Art. 727 V.A.C.C.P. Also, appellant's counsel, after hearing such evidence and examining the confession, stated "No objection."

Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, cited by appellant, has no application to such facts.

█ It is next contended that the court erred in failing to withdraw appellant's plea of guilty when the state introduced his statement made to Officer Hogue, when apprehended, that he was not involved in the car that was burning.

No request was made to have the plea withdrawn and there were no objections to the court's charge submitting the case to the jury on the plea of guilty. We see no error in this regard.

The remaining contention is that the evidence is insufficient to support the conviction.

█ Upon a plea of guilty before a jury, evidence is submitted to enable the jury to decide upon the punishment to be assessed. Art. 502 V.A.C.C.P.

We do not agree that there was no proof that the automobile appellant confessed to taking was the automobile that Miss Paul testified about.

In addition to the evidence above set out, appellant's father, A. T. Harrell, testified without objection:

"Q. Have you talked to Michael Harrell since he has been released on bond? A. Yes.

"Q. Did he tell you whether or not he stole this automobile?

\*  \*  \*  \*  \*  \*

"A. He discussed the case with me, yes, sir.

"Q. Did he tell you or not he stole the automobile?

"A. Yes, sir, he said he stole it.

\*  \*  \*  \*  \*  \*

"Q. The best you recall, what did he say about stealing this car?

"A. He said he was caught, the car turned over, something to that effect; he had taken it from somebody?"

Finding no reversible error, the judgment is affirmed.