Pedro Rodriguez **REYNA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41471.

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

Rehearing Denied Nov. 6, 1968.

Pena, McDonald & Gutierrez, by L. Aron Pena, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is unlawful possession of marihuana; the punishment, two years confinement in the Texas Department of Corrections.

The appellant entered a plea of guilty before a jury and the trial was conducted under the provisions of Article 26.14, Vernon's Ann.C.C.P.

Appellant contends in his first two grounds of error that he was denied a fair and impartial trial in that the court reporter failed to record the voir dire examination of the jury panel and the jury arguments. He concludes that the jury's failure to grant probation to this 46-year-old appellant, a married man with four children, means they must have been prejudiced "by statements made in either the voir dire examination or the closing arguments." He does not direct our attention to any particular statement or statements allegedly made.

We find nothing in the record to show that appellant at any time made a request that the court reporter take either the voir dire examination or the arguments. Article 40.09, § 4, V.A.C.C.P. Even in Moore v. State, Tex.Cr.App., 363 S.W.2d 477, cited by appellant, tried and decided prior to the effective date of the 1965 Code of Criminal Procedure, there was a timely request for the court reporter to take the closing arguments.

If a request had been made in the instant case and refused by the court, no reversible error would be presented since appellant fails to specify any error to which the transcription of the court reporter's notes of the voir dire examination and arguments would be relevant. Morris v. State, Tex.Cr.App., 411 S.W.2d 730.

■ Only recently we reversed cases where the trial court refused a timely request for a court reporter and a specific error or prejudice resulting therefrom was called to our attention. Williams v. State, Tex.Cr.App., 418 S.W.2d 837; Evans v. State, Tex.Cr.App., 430 S.W.2d 502.[1] We cannot perceive error under the circumstances here presented.

■ If it be appellant's claim that the court reporter recorded the voir dire and arguments, but merely failed to subsequently transcribe the same, we fail to find any effort by the appellant to comply with Article 40.09, § 5, V.A.C.C.P. in order that the same might have been brought forward in the record.

Grounds of error #1 and #2 are overruled.

In his next two grounds of error appellant advances the contention that the evidence is insufficient to sustain the conviction in that the State failed to prove that State's Exhibit No. One (a) was of sufficient quantity to be put to its common use, to-wit: smoking, and (b) that it contained a narcotic drug.

■ What appellant overlooks is the long established rule that a plea of guilty to a felony charge before a jury admits the existence of all incriminating facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed.[2] Darden v. State, Tex.Cr.App., 430 S.W.2d 494; Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460.

■ The presumption of innocence does not obtain under such guilty plea before the

1. Further, in Pittman v. State, Tex.Cr.App., 434 S.W.2d 352 we observed the importance of having the court reporter take the voir dire examination, despite the lack of a request by either party, in capital cases where the State is seeking the death penalty.

2. This, however, is not the rule where a trial by jury is waived and a plea of guilty or nolo contendere is entered before the trial judge. Article 1.15, V.A.C.C.P.; Burks v. State, infra.

jury, and there is no issue of justification under it. Stullivan v. State, 47 Tex.Cr.R. 615, 85 S.W. 810; Garcia v. State, 91 Tex. Cr.R. 9, 237 S.W. 279.

■ In such cases there are no defenses or defensive issues for the jury to pass upon, Jackson v. State, 155 Tex.Cr.R. 466, 236 S.W.2d 623, and "a defendant who has pleaded guilty may not question the sufficiency of the evidence introduced—particularly, where the jury has assessed the minimum punishment, unless, of course, the facts show his innocence, or where no legal evidence has been adduced." 16 Tex.Juris.2d, Criminal Law, Sec. 362, p. 558.

■ If at such trial the defendant deems the evidence insufficient, he may change his plea to not guilty at any time before the retirement of the jury and put upon the State the burden of proving his guilt beyond a reasonable doubt. Alexander v. State, 69 Tex.Cr.R. 23, 152 S.W. 436; Garcia v. State, supra. If this is not done, no error is shown. Ralls v. State, 151 Tex. Cr.R. 146, 205 S.W.2d 594; Harrell v. State, Tex.Cr.App., 386 S.W.2d 142. In the case at bar appellant at no time attempted to withdraw his plea of guilty and there were no objections to the court's charge submitting the case to the jury on a plea of guilty.

■ Nevertheless, appellant claims that in view of the evidence offered it became incumbent upon the trial judge to withdraw the guilty plea and enter a plea of not guilty for the accused when he failed to do so himself. Such is, of course, the obligation of the court where the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn. Yantis v. State, 95 Tex.Cr.R. 541, 255 S.W. 180; Harris v. State, 76 Tex.Cr.R. 126, 172 S.W. 975; Thompson v. State, 127 Tex.Cr.R. 494, 77 S.W.2d 538; Edwards v. State, 134 Tex. Cr.R. 153, 114 S.W.2d 572; Navarro v. State, 141 Tex.Cr.R. 196, 147 S.W.2d 1081; Jackson v. State, supra; Richardson v. State, supra.

It would appear that evidence must go farther than just tending to show a defensive issue, but must reasonably and fairly present such issue before the trial court would be required to withdraw the guilty plea. See Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Navarro v. State, supra; Johnson v. State, 120 Tex.Cr.R. 368, 48 S.W.2d 274; Kelly v. State, 124 Tex. Cr.R. 579, 63 S.W.2d 1024; Harrell v. State, supra.

In the case at bar the arresting officer identified State's Exhibit No. One as the handrolled cigarette found on appellant's person after his arrest for being drunk which he believed to be marihuana and which Dr. Whigham subsequently reported to him to be marihuana. It was stipulated that Dr. Whigham, M.D., would testify that he had examined State's Exhibit No. One, both microscopically and chemically and found it to be "1 cigarette of marihuana." Testifying in his own behalf, appellant admitted that he had purchased State's Exhibit No. One, a cigarette, while across the border in the Republic of Mexico and testified that he had never smoked marihuana before.

Since there is no evidence as to the size of the cigarette or the weight thereof, appellant relies upon Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171, where this Court held that to constitute the unlawful act of possessing marihuana there must be possessed an amount sufficient to be applied to the use commonly made thereof and unless the amount of marihuana possessed is such as is capable of being applied to that use, it does not constitute "marihuana" within the meaning of the statute. (Article 725b, V.A.P.C.) In view of the evidence offered and appellant's plea of guilty, Pelham has no application here.

See also Gonzalez v. State, 169 Tex.Cr.R. 48, 331 S.W.2d 327.

Under the very terms of Article 725b, § 1(13) (14), V.A.P.C., marihuana is a narcotic drug, and after proving that the substance contained in the cigarette found on appellant's person was marihuana, the State was not required to go further and prove that marihuana was in fact a narcotic drug. See Fawcett v. State, 137 Tex. Cr.R. 14, 127 S.W.2d 905; Gonzales v. State, 163 Tex.Cr.R. 432, 293 S.W.2d 786; Locke v. State, 168 Tex.Cr.R. 507, 329 S. W.2d 873; Gonzalez v. State, 168 Tex.Cr. R. 49, 323 S.W.2d 55. The inclusion of marihuana in the statutory definition of "narcotic" in a class with heroin and other physically addicting drugs is not an unreasonable and arbitrary classification violative of due process and equal protection of the law. People v. Stark, 157 Colo. 59, 400 P.2d 923; Spence v. Sacks, 173 Ohio St. 419, 183 N.E.2d 363; Locke v. State, supra; State v. Page, 395 S.W.2d 146 (Mo.); Jenkins v. State, 215 Md. 70, 137 A.2d 115; People v. Mistriel, 110 Cal.App. 2d 110, 241 P.2d 1050; People v. Woody, 61 Cal.2d 716, 40 Cal.Rptr. 69, 394 P.2d 813. The trial court did not err in failing to withdraw appellant's plea of guilty.

Grounds of error #3 and #4 are overruled.

We reject appellant's last ground of error that the State failed to lay the proper predicate for the introduction of Dr. Whigham's testimony. He contends that there was no evidence to show Dr. Whigham's qualifications as an expert witness. We observe that appellant waived in writing the appearance, confrontation and cross-examination of the witnesses against him and stipulated as to Dr. Whigham's testimony. Such stipulation was offered before the jury without objection. Such complaint raised for the first time on the motion for new trial comes too late, particularly in view of appellant's plea of guilty and the facts here described.

The judgment is affirmed.