**Jesus GUAJARDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42531.

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

Filemon B. Vela, Brownsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the possession of marijuana upon a plea of guilty before the court; the punishment, three years.

Appellant contends that he did not understand that he was entering a plea of guilty; that he came to court on January 30, 1969, to seek a postponement and he was tried; that his lawyer told him to plead guilty and that he did not understand English and did not know what transpired in the courtroom during the trial.

The record reflects that having waived the jury, the indictment was read, and ap-

pellant stated he understood the indictment and stated he wanted to change his plea and enter a plea of guilty. The trial court then admonished appellant as follows:

"THE COURT: Well, are you pleading guilty now, Mr. Guajardo, because you are guilty or has anyone done anything to you, threatened you in any manner, or induced you to plead guilty when actually you are not guilty?

"MR. GUAJARDO: I am guilty, sir.

"THE COURT: You are pleading guilty because you feel you are guilty under the facts and circumstances of the case?

"MR. GUAJARDO: Yes.

"THE COURT: You have already waived the jury. You are still of the same opinion, you don't want a jury? You want the Court to try you?

"MR. GUAJARDO: Yes.

"THE COURT: I want you to understand, again, if the Court tries you and you enter a plea of guilty and the Court receives your plea of guilty and the evidence shows that you are guilty. there is nothing the Court can do except to find you guilty and assess your punishment like the law prescribes, and the punishment for marijuana is confinement in the State Department of Corrections for not less than two or any term of years up to and including life. Do you understand that? After that admonition you still don't want the jury? You want the Court to try you; is that correct?

"MR. GUAJARDO: Yes.

"THE COURT: Your new plea will be received."

Confrontation of witnesses was waived in writing. Appellant was advised by the court of his right to have the witnesses present and appellant again waived this right.

The record reflects that appellant appeared to be drunk at the time he was arrested. After he was taken to jail he struggled with the officers and tried to secrete a matchbox that he had taken out of his pocket. His hand was forced open and the matchbox containing three handmade cigarettes which were shown to be marijuana was taken.

Appellant testified that he had been drinking and the officer told him that he was arrested for being drunk; that he had the matchbox and the cigarettes in his possession, but he did not know how they got there. He testified that an officer tore the matchbox from his hand.

The record further reflects that he had previously been placed on probation for burglary and had been in prison for one year in Mexico for possessing marijuana.

D. J. Lerma who was appellant's retained counsel at the trial, and who had represented appellant on three previous occasions, testified when appellant was brought before the court on February 28, 1969 for sentencing that he had conferred with appellant and his wife for some twenty or twenty-five minutes and advised appellant that he was of the opinion that Judge Garcia would not give him probation. He also testified that he explained to appellant that it was up to him to decide which plea to enter and appellant stated he wanted to enter a plea of guilty.

Appellant asked for a delay before sentencing so that he could obtain other counsel. The trial court appointed Filemon B. Vela to represent him. On the 21st day of March, 1969, appellant, through his appointed counsel, sought another postponement. At the hearing on the motion for new trial, appellant testified that he did not know he was entering a plea of guilty. On cross-examination his memory was not good, and he testified that he did not recall taking the stand or what happened during the trial, and that he did not know he was found guilty until he had read about it in English in a newspaper at the jail.

After appellant testified that he did not remember the proceedings during the trial, the trial court inquired of counsel and appellant if there was any question of sanity and if an affidavit would be filed. The court was told that this would not be done. Counsel informed the court that he thought appellant was sane.

■ From the record it appears that the patient and cautious trial court had more than sufficient evidence to conclude that appellant understood the nature and consequences of his plea after he had been duly admonished. Appellant's contention is overruled.

■ Appellant next contends that the trial court *on its own motion* should have withdrawn his plea of guilty and entered a plea of not guilty for him when he testified at the trial he had the matchbox and cigarettes, but did not know how they got in his pocket. Appellant acknowledged that he had been drinking "all day and part of the night" prior to his arrest and that he did not know where he had gotten the cigarettes and did not know how they had gotten in his pocket. In view of the overwhelming State's evidence including appellant's action in attempting to secrete the matchbox, we do not believe such testimony in the context in which it was given was sufficient to require the withdrawal of the plea by the court acting on its own motion. See Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Navarro v. State, 141 Tex.Cr.R. 196, 147 S.W.2d 1081; Hudson v. State, 169 Tex.Cr.R. 337, 334 S.W.2d 446; 1 Branch's Ann.P.C.2d, Sec. 660. Further, under the former code a jury trial was mandatory when a plea of guilty was withdrawn by the defendant or the court in non-capital felony cases. Under the present Code the withdrawal of the guilty plea would not have resulted in a jury trial. The appellant having waived a jury the trial would have been before the court on the plea of not guilty.

There being no reversible error, the judgment is affirmed.