Charles Thomas HAYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45706.

Court of Criminal Appeals of Texas.

July 28, 1972.

Rehearing Denied Oct. 18, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and Catherine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from a conviction for robbery by assault where the punishment was 30 years.

On December 16, 1970, the appellant entered a plea of guilty before a jury after he had been duly admonished of the consequences of his guilty plea by the court.[1]

At the outset appellant urges the trial court erred when "it failed to change appellant's plea to not guilty or conduct a sanity trial when the evidence presented before it indicated the possibility of appellant's insanity at the time of the commission of the offense."

As we read appellant's ground of error and the supporting argument it is that the evidence as to his insanity as a *defensive issue* was such that the court, *sua sponte,*

1. "It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligent- ly exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, 430 S.W.2d 494, 495 (Tex.Cr.App.1968) ; Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App. 1968).

should have withdrawn the plea of "guilty" and entered one of "not guilty" despite the lack of request from the appellant or his counsel. We do not understand the appellant to contend that he was "presently insane" or incompetent to stand trial.

Appellant relies upon the testimony of the complaining witness, a cashier at Louie's Oyster Bar in Dallas, that appellant told her at the time of the alleged robbery, "Well, you had better look at me good, because you are going to have to come down and identify me."; that another witness described the appellant as having "a very glassy look in his eyes" shortly after the robbery when he was holding the witness at bay with a knife. Appellant also calls attention to the testimony that he had been a customer of the restaurant seven or eight times during the period of three or four months preceding the alleged offense. He apparently contends that a sane man would not commit a robbery at a place he frequented and was known.

There was no evidence of prior psychiatric care or treatment.

Appellant urges that ". . . where evidence of an accused's insanity, at the time of offense, is introduced, it is proper to have a plea of guilty withdrawn and a plea of not guilty entered by accused, his counsel, or by the court for the accused if they refuse. . . ."

In Yantis v. State, 95 Tex.Cr.R. 541, 255 S.W. 180, 182 (1923), Judge Lattimore wrote:

"It was proper for the learned trial judge, when appellant had entered a plea of guilty, if evidence be introduced tending to show him insane at the time of the commission of the offense, to have the plea of guilty withdrawn and a plea of not guilty entered, preferably by appellant or his counsel; but, if they would not, then by the court for appellant."

To the same effect is Taylor v. State, 88 Tex.Cr.R. 470, 227 S.W. 679 (1921); Harris v. State, 76 Tex.Cr.R. 126, 172 S.W. 975 (1915); Johnson v. State, 120 Tex.Cr.

R. 368, 48 S.W.2d 274 (1932). See also Thompson v. State, 127 Tex.Cr.R. 494, 77 S.W.2d 538 (1935); Edwards v. State, 134 Tex.Cr.R. 153, 114 S.W.2d 572 (1938); Edworthy v. State, 371 S.W.2d 563 (Tex. Cr.App.1963), and cases there cited.

It would appear, however, that evidence must go further than just tending to show a defensive issue but must reasonably and fairly present such issue before the trial court would be required to withdraw the guilty plea. See Vance v. State, 122 Tex. Cr.R. 157, 54 S.W.2d 118 (1932); Navarro v. State, 141 Tex.Cr.R. 196, 147 S.W.2d 1081 (1941); Johnson v. State, supra. Cf. Kelly v. State, 124 Tex.Cr.R. 579, 63 S.W. 2d 1024 (Tex.Cr.App.1933).

■ The obligation of the court to withdraw a plea of guilty on its own motion arises only where the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn. See Reyna v. State, supra note 1; Swanson v. State, 447 S.W.2d 942, 944 (Tex.Cr.App.1969). See also Guajardo v. State, 450 S.W.2d 663 (Tex.Cr.App. 1970); Griggs v. State, 451 S.W.2d 481 (Tex.Cr.App.1970); Harrell v. State, 386 S.W.2d 142 (Tex.Cr.App.1965); 11 Tex. Digest, Crim.Law ■

■ We cannot agree that the circumstances presented required the trial court to withdraw the guilty plea and that his failure to do so was error.

Next, appellant contends the trial court erred in limiting direct examination of "his character witnesses."

■ We are merely referred to page numbers in the record with a statement that the prosecutor objected to questions relating to appellant's family life and his work record for a previous employer and that the objections were sustained. No argument is advanced nor are authorities cited. The ground of error is not in compliance with Article 40.09 § 9, Vernon's Ann. C.C.P. Nothing is presented for review.

Appellant's wife was called as a witness in his behalf and testified where she was employed and where the appellant had been employed, the length of their courtship, marriage, etc. When asked if he had been "a loving husband", she answered in the affirmative. This question and answer were objected to by the State and the objection was sustained. Tom Hassell testified he had employed the appellant for a period of four years and would rehire him "if he were free." Objections to questions as to whether he was a loyal employee or worked faithfully were sustained.

It is apparently this testimony to which appellant has reference. It is observed that neither witness testified as to appellant's reputation. If it can be argued that such testimony was admissible in light of Article 37.07, V.A.C.C.P., in this trial conducted under the provisions of Article 26.14, V.A.C.C.P., no reversible error is reflected. Culvahouse v. State, 440 S.W.2d 637 (Tex.Cr.App.1969). Further, there was no motion for probation, the appellant having been previously convicted of a felony. The issue of probation was not before the jury.

Appellant also claims he was denied the effective assistance of trial counsel. He contends his appointed counsel, among other things, did not file any pretrial motions and did not have the jury arguments recorded, etc. He does not point out what pre-trial motions could and should have been filed nor advance any claim that improper jury argument occurred. We have examined the record and find appellant's contention without merit.

Appellant's two remaining grounds of error are not in compliance with Article 40.09 § 9, supra, presenting nothing for review. Even if properly before us, these contentions would not present error.

The judgment is affirmed.

ROBERTS, J., not participating.