Genaro VARELA, Appellant,

v.

The STATE of Texas, Appellee.

No. 54504.

Court of Criminal Appeals of Texas.

July 6, 1977.

Ruben Montemayor and Harry A. Nass, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Lawrence J. Souza and Roy R. Barrera, Jr., Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

Bart Cox, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Thomas C. Roepke, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal involves a conviction for aggravated robbery where the jury assessed punishment at five (5) years upon appellant's plea of guilty.

Appellant's sole ground of error reads:

"There was sufficient evidence in this case to raise the issue of the defendant's sanity at the time of the offense, thus requiring the court to withdraw the guilty plea and instruct on the insanity defense. Failure of the court to do so was reversible error."

This court has for years held that when evidence introduced before a jury (when a defendant has entered a guilty or nolo contendere plea) makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required, sua sponte, to withdraw the accused's guilty or nolo contendere plea and enter a not guilty plea for the accused. E. g. Harris v. State, 76 Tex. Cr.R. 126, 172 S.W. 975 (1915); Taylor v. State, 88 Tex.Cr.R. 470, 227 S.W. 679 (1921); Yantis v. State, 95 Tex.Cr.R. 541, 255 S.W. 180 (1923); Aills v. State, 114 Tex.Cr.R. 345, 24 S.W.2d 1097 (1930); Villa v. State, 122 Tex.Cr.R. 142, 53 S.W.2d 1023 (1932); Thompson v. State, 127 Tex.Cr.R. 494, 77 S.W.2d 538 (1935); Edwards v. State, 114 S.W.2d 572 (Tex.Cr.App.1938); Navarro v. State, 141 Tex.Cr.R. 196, 147 S.W.2d 1081 (1941); Rayson v. State, 160 Tex.Cr.R. 1103, 267 S.W.2d 153 (1954); Fite v. State, 163 Tex.Cr.R. 279, 290 S.W.2d 897 (1956); Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83 (1957); Edworthy v. State, 371 S.W.2d 563 (Tex.Cr.App.1963); Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968); Swanson v. State, 447 S.W.2d 942 (Tex.Cr. App.1969); Hayes v. State, 484 S.W.2d 922 (Tex.Cr.App.1972); Lee v. State, 503 S.W.2d 244 (Tex.Cr.App.1973); Lewis v. State, 529 S.W.2d 550 (Tex.Cr.App.1975); Gates v. State, 543 S.W.2d 360 (Tex.Cr.App. 1976); Woodberry v. State, 547 S.W.2d 629 (Tex.Cr.App.1977); Malone v. State, 548 S.W.2d 908 (Tex.Cr.App.1977).

The rule has been recognized and applied when the guilty or nolo contendere plea was before the court without a jury. Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); Gonzales v. State, 480 S.W.2d 663 (Tex.Cr.App.1972); Faz v. State, 510 S.W.2d 922 (Tex.Cr.App.1974); Trevino v. State, 519 S.W.2d 864 (Tex.Cr.App.1975); Cooper v. State, 537 S.W.2d 940 (Tex.Cr. App.1976); Sanchez v. State, 543 S.W.2d 132 (Tex.Cr.App.1976). It has also been held applicable to revocation of probation proceedings. Roberson v. State, 549 S.W.2d 749 (Tex.Cr.App.1977).

For the rule to come into play the evidence must go farther than just tending to show a defensive issue, it must reasonably and fairly present such issue before the trial court is required to withdraw the guilty or nolo contendere plea. Reyna v. State, supra ; Galvan v. State, 525 S.W.2d 24 (Tex.Cr.App.1975); Davis v. State, 507 S.W.2d 740 (Tex.Cr.App.1974); Jones v. State, 491 S.W.2d 883 (Tex.Cr.App.1973).

**113**

With this background, a review of the facts concerning the instant case will be required. In a hearing on October 16, 1975, the appellant was found by a jury to be competent to stand trial. Trial on the merits commenced on January 13, 1976 before another jury on appellant's plea of guilty. It was during this trial that appellant contends that evidence sufficiently raised the defensive issue of insanity.

In addition to his guilty plea before the jury, the evidence of appellant's guilt was overwhelming. Appellant, however, calls our attention to the testimony of the complaining witness that the appellant was wearing an Army field jacket "and as close as I could figure it out it VARLA, something like that on the name tag." He further points to the appellant's own testimony that prior to the offense he had been drinking seven days straight without eating or sleeping. He also directs our attention to the following portion of his cross-examination:

"Q. What were you all going to do with the money that you took in the robbery?

"A. Oh, I don't know, it happened all of a sudden, just like when you are a little kid you have an intention to have something you take it that moment. I saw the money and I had an intent that I could use it and I took it.

"Q. What is the reason you went in the store, to buy Kool cigarettes or rob the store?

"A. The reason was to buy the cigarettes. After I saw the money I robbed the store, but first it was for cigarettes."

■ Appellant's brief also points to some psychiatric testimony offered at the hearing on competency on October 16, 1975, but not offered at the trial on the merits. Such evidence from another hearing cannot be considered in determining whether a defensive issue has been sufficiently raised at the trial on the merits to cause the court to withdraw the guilty plea. *Faz v. State,*

supra.[1] Therefore, we are limited to the testimony at the trial on the merits in passing upon appellant's contention.

The 26 year old appellant testified clearly and lucidly. He related the various schools he had attended, mostly in special education classes, and that he graduated from Ysleta High School in 1969 in special education. That same year, he was drafted into the Army and served two and a half years, one year and half in Vietnam. He attained the rank of E-4 before his honorable discharge in May, 1971. He then related the various jobs he held until he commenced studying in 1973 at El Paso Community classes in which he got passing grades except in mathematics.

Nicola Niglio testified he was a scoutmaster for a troop of retarded children and that the appellant at age 15 or so was a member of the troop. He recalled an instance in which the appellant became so emotionally upset before a Board of Review that he "soiled his trousers." He related, however, that the appellant had achieved Star Badge, which is the third highest ranking for a scout.

Charles Spence, Assistant Director of Special Education, Ysleta Independent School District, met the appellant during the 1968–1969 school year but had not seen the appellant for eight years at the time of trial. He stated appellant was "always in the educable program," but there was no special education program for students whose IQ was about 75. He testified the appellant lacked a lot of strategy for achieving and had a tremendous need to impress people, which caused him to do things which were sometimes socially unacceptable.

Appellant's mother, Federica Varela, testified as to the various schools he attended and as to his learning difficulties.

■ After reviewing the foregoing evidence, as well as the particular portions

1. Appellant seeks to distinguish *Faz* on the ground that in *Faz* there was a different judge at the preliminary hearing where evidence was offered and that in the instant case the same judge presided at the trial and at the competency hearing. Our decision in *Faz* was not based on the fact of different judges.

called to our attention by appellant, we cannot conclude that the court erred in failing to withdraw the guilty plea on its own motion on the basis that the evidence sufficiently raised the defensive issue of insanity as a defense.

V.T.C.A., Penal Code, § 8.01, provides:

"(a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

"(b) The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

The evidence does show that appellant entered the store where the robbery occurred wearing an Army jacket with his name on it. While it may be argued that this reflects stupidity on the part of a would-be robber, it was explained by appellant's testimony he went into the store to purchase cigarettes, but suddenly committed the robbery when he saw the money. The fact that appellant had been drinking for seven days does not raise the defensive issue of insanity under said § 8.01. See V.T.C.A., Penal Code, § 8.04. Further, the extent of the drinking each day was not explored.

The fact that appellant testified in response to a question as to what he had planned to do with the money that he took it suddenly like a little kid who had an intention to have something nor his later testimony that "it was just one of those moments when you have to do something you do it. To me I don't know, I don't know what got into me. All I know is I done it, and I robbed the store, that was it" is not sufficient to raise an issue of whether as a result of a mental disease or defect he did not know his conduct was wrong or that he was incapable of conforming his conduct to the requirements of the law allegedly violated. See V.T.C.A., Penal Code, § 8.01.

It is to be remembered that evidence must go farther than just tending to show a defensive issue, it must reasonably and fairly raise such issue before the rule under discussion comes into play.

The court did not err in failing to withdraw the guilty plea under the circumstances here discussed and the rule involved. Further, there being no objection nor special requested instruction and no evidence sufficient to raise the issue, the court did not err in failing to charge on the defensive issue of insanity, particularly in light of the guilty plea before the jury.

The judgment is affirmed.

PHILLIPS, J., dissents.