**Rudy VALLE, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 2–87–098–CR.**

Court of Appeals of Texas,
Fort Worth.

March 23, 1988.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Crim. Dist. Atty., and C. Chris Marshall, and Helen Dhooghe, Asst. Dist. Attys., Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II, and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Rudy Valle, Jr., was convicted of the offense of theft of property valued between $750.00 and $20,000.00. *See* TEX. PENAL CODE ANN. sec. 31.03 (Vernon Supp.1988). Appellant pleaded guilty without the benefit of a plea bargain, and entered a plea of "true" to both enhancement paragraphs in the indictment. The court found appellant guilty of the offense charged, determined that he had two prior felony convictions, and sentenced appellant to thirty-five years confinement in the Texas Department of Corrections.

Appellant brings one point of error contesting the voluntary nature of his plea of guilty.

We affirm.

On or about July 4, 1986, appellant stole an automobile valued between $750.00 and $20,000.00. On April 28, 1987, appellant appeared at a hearing to answer charges alleged within the indictment. Appellant waived his right to a jury trial and agreed to stipulate testimony. He further signed an agreement, stipulating evidence and knowingly, intelligently, and voluntarily waiving such rights. Appellant then pleaded guilty to the offense alleged, without the benefit of a plea bargain agreement.

Prior to accepting appellant's plea, the trial court admonished appellant concerning his plea of guilty to the offense, and his plea of "true" to enhancement paragraphs one and two. Appellant then took the stand and admitted each element of the offense. At the conclusion of the hearing, the trial court accepted appellant's plea of guilty to the offense, and true to the enhancement counts. Appellant was sentenced by the court to thirty-five years confinement in the Texas Department of Corrections.

Appellant's sole point of error contends the trial court erred in failing to ascertain whether appellant's plea of guilty was freely and voluntarily made.

During the course of the hearing, the trial court made the following admonitions:

"THE COURT: Mr. Valle, have you received a copy of the indictment in this case?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you discussed it with your attorneys?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you fully understand the nature of the charge that is contained in the indictment?

"THE DEFENDANT: Yes, sir.

"THE COURT: Counsel, does he waive a formal reading of the indictment?

"MR. YOUNG: Yes, Your Honor.

"THE COURT: Do you concur with the decision to waive a formal reading of the indictment, Mr. Valle?

"THE DEFENDANT: Sir?

"THE COURT: Do you concur or agree with the decision to waive a formal reading of the indictment?

"MR. YOUNG: Do you want them to read the indictment to you or do you know what is in it?

"THE DEFENDANT: Waive.

"MR. YOUNG: We will waive the reading of the indictment.

"THE COURT: All right. Is he mentally competent?

"MR. YOUNG: Yes, Your Honor.

"THE COURT: Do I have a waiver executed in this case?

"THE CLERK: No, we don't.

"THE COURT: I'm sorry. Stand at recess for a minute.

"[pause in proceedings]

"THE COURT: Let's go back on the record. Mr. Young, is your client mentally competent?

"MR. YOUNG: Yes, Your Honor.

"THE COURT: Mr. Valle, I have before me now a document entitled waiver of jury trial and agreement to stipulate oral testimony.

"Did you sign this document today in open court in the presence of your attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: Did you understand, sir, that you have a right to a trial by jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: In this case you know that we have a jury right outside the courtroom and waiting for a trial on this case; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And do you want us to bring that jury panel in and do you want to exercise your right to have trial by jury?

"THE DEFENDANT: No, sir, I don't want a jury.

"THE COURT: All right. You want a trial before the Court alone; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Also, you have a right to require that the witnesses against you appear in court and confront them and to have your attorney cross-examine them on your behalf. You may also waive those rights.

"Do you wish to waive those rights, sir?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are telling the Court that you don't want any witnesses, and are you telling the Court that you are agreeing to enter into a stipulation of testimony in this case?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you citizen was [sic] United States, sir?

"THE DEFENDANT: Yes.

"THE COURT: It is my understanding that the State of Texas is proceeding on Count Two of the indictment.

"MR. KING: We will be proceeding on Count One, Your Honor, theft of an automobile.

"THE COURT: Proceeding on Count One?

"MR. KING: Yes, Your Honor.

"THE COURT: Mr. Valle, in Count One of the indictment, the State of Texas is charging you with offense of theft of property, to wit, one automobile of the value of $750 or more but less than $20,000.

"To that charge, sir, you may enter a plea of guilty or not guilty. How do you plead?

"THE DEFENDANT: Guilty, sir.

"THE COURT: Has anyone threatened to harm you or forced you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Has anyone held out any promise of reward or hope of pardon in order to persuade you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Are you pleading guilty freely and voluntarily?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand, sir, that upon your plea of guilty, I must find you guilty and, as to the initial offense here, set your punishment at not less than two years confinement in the Texas Department of Corrections and not more than ten years confinement in the Texas Department of Corrections. In addition, I may assess a fine up to $5,000.

"Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Now it is my understanding that in this case the State of Texas and your attorney have not reached an agreement as to the punishment that should be assessed in this case.

"Do you understand that situation?

"THE DEFENDANT: (nods head affirmatively)

"THE COURT: And also, sir, the State alleges in Enhancement Paragraph One and Enhancement Paragraph Two that you, Rudy Valle, Jr., were—was convicted twice before of a felony offense and that the conviction in Enhancement Paragraph Two —Enhancement Paragraph One, rather, became final prior to the commission of the offense that is alleged in Enhancement Paragraph Two.

"Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Have you gone over the enhancement paragraphs with your attorney?

"THE DEFENDANT: Not very much, sir.

"THE COURT: Mr. Young, do you want to take some time to discuss that with him?

"MR. YOUNG: May I ask my client a couple of questions on the record?

"THE COURT: All right.

"MR. YOUNG: Rudy, do you understand what your prior convictions are about?

"THE DEFENDANT: Yes.

"MR. YOUNG: Have you seen copies of your indictment wherein those prior convictions are alleged?

"THE DEFENDANT: Yes.

"MR. YOUNG: Do you understand that with those enhancement paragraphs that it raises your possible punishment from two to ten years up to 25 years to life?

"THE DEFENDANT: Yes.

"MR YOUNG: And you understand that the District Attorney has copies of your penitentiary packets wherein he can prove up those prior convictions?

"THE DEFENDANT: Yes.

"MR. YOUNG: So you understand the meaning of Enhancement Paragraph One and Enhancement Paragraph Two; is that correct?

"THE DEFENDANT: Yes.

"MR. YOUNG: Do you also understand the meaning if you acknowledge those prior convictions, which the State is prepared to prove, that the Judge is authorized to assess a punishment of 25 years to life; is that correct?

"THE DEFENDANT: Yes.

"MR. YOUNG: Your Honor, I think my client understands the meaning of Enhancement Paragraphs One and Two.

"THE COURT: All right. Mr. Valle, in just a moment I am going to ask you how you plead to Enhancement Paragraph One and Enhancement Paragraph Two, but as your attorney just stated to you, the effect of a plea of true to the enhancement paragraph is that the punishment range is increased, and in this case if you enter a plea of true to Enhancement Paragraph One and Enhancement Paragraph Two, that will raise the punishment level from a minimum of 25 years to a maximum of 99 years to life confinement in the Texas Department of Corrections.

"Do you understand that, sir?

"THE DEFENDANT: Yes, sir.

"THE COURT: To Enhancement Paragraph One, sir, which charges that you were convicted on the 11th day of February, 1985, in the 213th District Court of Tarrant County, in Cause No. 0242112D of the offense of passing by—a forgery by passing a forged check, you may enter a plea of true or not true.

"How do you plead?

"THE DEFENDANT: True.

"THE COURT: And to Enhancement Paragraph Two, which charges that you were convicted on the 6th day of October, 1981, in the 213th District Court of Tarrant County, Texas, in Cause No. 20033 of the felony offense of possession of a controlled substance, namely, methamphetamine, which conviction became final prior to the commission of the aforesaid offense which is alleged in Enhancement Paragraph One, you may plead true or not true.

"How do you plead?

"THE DEFENDANT: True.

"THE COURT: All right. Do you understand that in this case, Mr. Valle, because you have plead true to each of these enhancement paragraphs, I am now authorized to assess your punishment at a much higher level than I could have assessed had you plead not true and had you prevailed in proving that Enhancement Paragraph One and Two were not true; do you understand that?

"THE DEFENDANT: Yes, sir.

"MR. YOUNG: Your Honor, for the clarification of my client, may I ask the Court if the Court—in the presence of my client, if the Court is now not merely authorized and may assess punishment at a greater,

but that the Court must assess punishment at greater?

"THE COURT: Well, based upon the Defendant's plea of true to Enhancement Paragraph One and Enhancement Paragraph Two the Court is compelled to set punishment within the minimum range of 25 years to 99 or life in the penitentiary.

"MR. YOUNG: Thank you, Your Honor.

"THE COURT: And he did understand that prior to his plea of true; is that right, Mr. Young?

"MR. YOUNG: Yes, sir."

Appellant alleges that he was pressured into pleading guilty, and no effort was made by the trial court to ascertain whether his plea was motivated by fear. Appellant complains of the following dialogue between himself and his counsel:

Q. The jury panel as [sic] waiting outside the door, Rudy, includes juror number two, who has—who he or his victim—or he or his family has been a victim of a mugging; juror number three, who is a Dallas police investigator; juror number six, who has been a victim of a burglary of his home and whose son is presently a policeman; juror number eight, who has been a victim of a crime, a robbery; juror number 16, who has been a victim of a burglary; juror number 21, who has worked as a police officer in law enforcement; juror number 22, who has been a victim of a theft; juror number 24, who has been a victim of a theft; juror number 25, who he or his family has been a victim of an armed robbery; juror number 26, who has been a witness in an attempted break-in; juror 29, who had a radio stolen or tools stolen out of his car; and juror number 31, who he and his family has been a victim of a theft.

If you want to have your case tried to a jury, those are some of the jurors who we would either have to strike or who would sit on your jury; do you understand that?

A. Yes, sir.

Q. Are you telling the Court at this time that you do not want a jury trial?

A. Yes, sir.

The applicable statute is article 26.13 of the Texas Code of Criminal Procedure. The statute was amended in 1975,[1] and now states the following:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his

---

1. *See* Acts ch. 341, sec. 3, 1975 Tex.Gen.Laws 909.

plea and that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Pamph.Supp.1988).

■ Formerly, the statute required the court, upon a guilty plea, *not* to accept such plea unless it appeared the defendant was "uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1966). Under the present statute, the courts are not required to make "an express inquiry as to whether a defendant is freely and voluntarily entering a plea of guilty to constitute substantial compliance" with the article. *See Richards v. State*, 562 S.W.2d 456, 458 (Tex. Crim.App.1977).

Here, the court's admonishments are in substantial compliance with the statute. Further, appellant does not suggest that he was misled or harmed by such admonishment. Therefore, no error is shown. *See Ex parte Gibauitch*, 688 S.W.2d 868, 870 (Tex.Crim.App.1985).

■ We note that appellant is specifically complaining that he was pressured by the backgrounds of potential jury members from which he could possibly receive a higher sentence. This is not the type of "fear" that article 26.13 was designed to protect against. The leading case pertaining to voluntary pleas is *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In discussing the type of activities to be guarded against during a plea of guilty, the court stated that "[i]gnorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionali-

ty." *Id.* at 243, 89 S.Ct. at 1712. Appellant's attorney elicited testimony from appellant to the effect that appellant had considered how difficult the case would be to try since appellant had been found behind the wheel of a stolen car; that the district attorney had advised appellant of three witnesses who would testify as to his reputation; and that the trial judge had seen criminal cases before, and might be more lenient than a jury panel.

■ Appellant further testified as to the reasons he pled guilty. The fact that appellant entered a plea of guilty in hope of escaping the possibility of a higher sentence does not invalidate the plea. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Hill v. Estelle*, 653 F.2d 202 (5th Cir.1981), *cert. denied*, 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981). This is not fear of bodily harm, improper inducements or "terror" which the statute is meant to circumvent. *See Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712; *see also Jones v. Estelle*, 584 F.2d 687 (5th Cir.1978).

Considering the evidence before us along with appellant's testimony that he pleaded guilty freely and voluntarily, we find no error.

The judgment of the trial court is affirmed.