ACCEPTED
05-18-00254-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/31/2018 2:34 PM
LISA MATZ
CLERK

5th Court of Appeals
FILED: 06/04/2018
Lisa Matz, Clerk

# IN THE COURT OF APPEALS
## FOR THE FIFTH DISTRICT
## DALLAS, TEXAS

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/31/2018 2:34:11 PM
LISA MATZ
Clerk

| | | |
|---|---|---|
| **Johnathon Ramey** | § | |
| **Appellant** | § | |
| | § | |
| **vs.** | § | **APPEAL NUMBER** |
| | § | **05-18-00254-CR** |
| **State of Texas** | § | |
| **Appellee** | § | |

On Appeal from the 363rd Judicial District Court of
Dallas County, Texas

No.F-17-35064

# Appellant Counsel's Anders Brief

**RONALD L. GORANSON**
**3838 Oak Lawn Avenue, Ste. 1124**
**Dallas, Texas 75219**
**(214) 651.1122**
**(214) 871-0640 (fax)**
**State Bar No. 08195000**

**ATTORNEY FOR APPELLANT**
**Ramey**

## Identity of Parties and Counsel

| | |
|---|---|
| **Appellant** | **Johnathon C. Ramey**<br>**TDJC # 2182808**<br>**John Middleton Unit**<br>**13055 FM 3522**<br>**Abilene, TX  79601** |
| **Appellant's Counsel** | **Ronald L. Goranson**<br>**3838 Oak Lawn, Ste. 1124**<br>**Dallas, Texas  75219**<br>**(214) 651.1122**<br>**(214) 871-0620 (facsimile)**<br>**SBOT No. 08195000** |
| **Appellant's Trial Counsels** | **Mr. Clayton C. Smith**<br>**3300 Oak Lawn Avenue, Ste. 600**<br>**Dallas, Texas 75219**<br>**SBOT NO. 24050002**<br>**(214) 774-1125** |
| **State of Texas** | **Faith Johnson,**<br>**District Attorney**<br>**SBOT No. 00794284**<br>**Dallas County, Texas** |
| **Appellate Attorney** | **Lori Ordiway**<br>**SBOT No.  12327300** |
| **Trial Attorneys** | **Maxim Ternosky**<br>**SBOT No. 24088516**<br>**Assistant District Attorneys**<br>**Frank Crowley Courts Building,  LB 19**<br>**133 N. Riverfront Boulevard**<br>**Dallas, Texas 75207**<br>**214-653-3600**<br>**214-653-5774 (facsimile)** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF THE CASE ...................................................................................2

POTENTIAL POINT OF ERROR ..............................................................................3

STATEMENT OF THE FACTS .................................................................................4

- EVIDENCE ...................................................................................................4

SUMMARY ..............................................................................................................9

APPELLANT COUNSEL'S ANALYSIS OF THE CASE.................................10

A. INDICTMENT .....................................................................................10

B. PLEA PAPERS ....................................................................................13

C. JUDGMENT ADJUDICATING GUILT.................................................16

D. POTENTIAL GROUND OF ERROR ....................................................19

CONCLUSION.........................................................................................................27

CERTIFICATE OF SERVICE .................................................................................27

CERTIFICATE OF SERVICE - APPELLANT........................................................28

CERTIFICATE OF COMPLIANCE ………………………………………………..28

# TABLE OF AUTHORITIES

**CASES:**

Anders v. California, 386 U.S. 738, 744 (1967)................................................1, 9, 28

Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)....23

Edwards v. State, 921 S.W.2d 477, 480 (Tex.App.--Houston [1st Dist.] 1996, no

    pet.)...................................................................................................................22

Ex parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986)..........................22

Fisher v. State, 887 S.W.2d 49, 54-55 (Tex.Crim.App.1994)................................12

Fryar v. State, ___ S.W.3d, ___, (Tex. App. – Dallas, 05-14-01255-CR,

    02/02/2015) ........................................................................................................2

Garner v. State, 300 S.W.3d 763 (Tex.Crim.App. 2009)........................................9

Jeffery v. State, 903 S.W.2d 776, 779 (Tex.App.-Dallas 1995, no pet.)..................9

Kelly v. State, 436 S.W.3d 313 (Tex.Crim.App. 2014) ......................................2, 9

Lawal v. State, ,368 S.W.3d 876, 885 (Tex.App.--Houston [14th Dist.] 2012, no

    pet.)...................................................................................................................25

Marshall v. State, 479 S.W.3d 840, 842 (Tex.Crim.App. 2016)......................11, 12

McGill v. State, 200 S.W.3d 325, 330 (Tex.App.--Dallas 2006, no pet.)...23, 24, 25

Mendez v. State, 138 S.W.3d 334, 344 (Tex.Crim.App. 2004) .............................24

Menefee v. State, 287 S.W.3d 9, 14 (Tex.Crim.App.2009) ..................................23

Moon v. State, 572 S.W.2d 681 (Tex. Crim. App. 1978)................................21, 22

O'Brien v. State, 154 S.W.3d 908, 910 (Tex. App.-Dallas 2005, no pet.) ...............23

Simpson v. State, 67 S.W.3d 327, 329 (Tex. App.-Texarkana 2001, no pet.) ........25

Solis v. State, 945 S.W.2d 300, 303 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd)...........................................................................................................................22

Studer v. State, 799 S.W.2d 263, 268, 273 (Tex.Crim.App.1990).........................12

Valle v. State, 747 S.W.2d 541, 546  (Tex.App. —Fort Worth 1988, no pet.).......25

## STATUTES:

### Texas Penal Code

Tex. Pen. Code § 22.01 (a)(1) and (b)(2)(A)..........................................................10

Tex. Pen. Code § 22.01 (b-2)................................................................................2, 11

Tex. Pen. Code § 22.01 (b)(2)(A)..............................................................................2

### Texas Code of Criminal Procedure

Tex. Code Crim. Proc. Ann art. 1.14(b) ..................................................................12

Tex. Code Crim. Proc. Ann art. 1.15 .......................................................................23

Tex. Code Crim. Proc. Ann art. 21.01 through 21.17 .............................................12

Tex. Code Crim. Proc. Ann art. 21.19 .....................................................................12

Tex. Code Crim. Proc. Ann art. 42.01 .....................................................................16

Tex. Code Crim. Proc. Ann art. 44.02 .......................................................................3

### Texas Rules of Appellate Procedure

Tex. R. App. Pro. Rule 9.4(i)(1) ..............................................................................28

Tex. R. App. Pro. Rule 9.4(i)(3) ..............................................................................28

Tex. R. App. Pro. Rule 25.2 .......................................................................................3

### Constitutions

Art. V of the Texas Constitution...............................................................................12

| | | |
|---|---|---|
| **Johnathon Ramey** | § | |
| **Appellant** | § | |
| | § | |
| **VS.** | § | **APPEAL NUMBER** |
| | § | **05-18-00254-CR** |
| **State of Texas** | § | |
| **Appellee** | § | |

**On Appeal from the 363rd Judicial District Court of
Dallas County, Texas**

**No.F-17-35064**

# Appellant Counsel's Anders Brief

**To the Honorable Justices of the Court of Appeals:**

# Preliminary Statement:

Counsel for Appellant is appointed in this case[1]. Counsel has

determined that there are no legal or factual issues that arguably could be

raised for appellate review in this case. Counsel has determined that that

this appeal is wholly frivolous and without merit. Counsel has filed a

motion to withdraw. This brief presents an evaluation of the record showing

---

[1]     This Appeal brief is identical to the brief filed contemporaneously in Ramey v.
State, #05-18-00253-CR except for several page references.

why there are no arguable grounds to advance. A copy of the motion to withdraw, this brief, the trial court's record and the statement of facts are being sent to Appellant at his last known address with a letter advising him of his right to respond to this brief or file his own Appellant's Brief. *See* Kelly v. State, 436 S.W.3d 313, 315, 319-320 (Tex.Crim.App. 2014); Fryar v. State, ___ S.W.3d, ___, (Tex. App. – Dallas, 05-14-01255-CR, 03/06/2015).

## Statement of the Case:

Appellant Johnathon Ramey was charged in two indictments with separate cases of felony assault – family violence. [2] In F-17-35063 (05-18-00253-CR) he was charged with a third-degree felony assault on November 5, 2017, contrary to Tex. Penal Code, §22.01(b)(2)(A). (R-253, p. 7). In F-17-35064 (05-18-00254), he was charged with second-degree felony assault on November 7, 2017, contrary to Tex. Penal Code §22.01(b-2). (R-254, p. 7) The complainant in each case was the same person. On February 6, 2018 Appellant waived his right to a jury trial and pled guilty. The plea was an "open plea." (SF, pp. 5-7) In other words, there was no plea bargain with

---

[2] The matters were tried together and the issues raised are identical. Counsel will identify the Clerk's record in each case by the letter "R" and the last three digits of the Appeal number. In other words, one clerk's record will be identified as "R-253" and the other as "R-254." The case was tried together so there will only be one designation for the statement of facts – "SF."

reference to the sentence.  After a hearing on punishment, the trial court assessed a sentence of six years on each case (R 253, p. 29-30; R-254, p. 23-24; SF, p. 84)

The Appellant timely filed a notice of appeal in each case. (R 253, p. 40; R 254, p. 39) The Trial Court's Certification of Defendant's Right of Appeal indicates each case was not a plea bargain case and the Defendant/Appellant had a right to appeal.  (R 253, p. 20; R254, p. 27)

This jurisdiction of this Court is invoked pursuant to Art. 44.02 of the Texas Code of Criminal Procedure and Rule 25.2 of the Texas Rules of Appellate Procedure.  This Brief was due on May 30, 2018.  Appellant has filed a Motion to extend the filing date one day to May 31, 2018. The cause is properly before this Court of Appeals.

## Potential Point of Error

The trial court should have sua sponte entered a plea of not guilty after the Appellant denied committing any of the facts necessary to state an offense of family violence.

## Statement of Facts:

### Evidence:

On February 6, 2018 Appellant pled guilty in both cases. (SF Vol. 2, p. 6)  The State introduced without objection Appellant's judicial confession.  (SF Vol. 2, p. 6).  Stephanie Parker testified on punishment.  She identified the Appellant.  (SF Vol. 2, p. 9)  She stated they began dating.  She stated the Appellant lied about everything – his job, his house, his car.  (SF Vol 2, pp. 9-10)  She described two incidents that were not the subject of the indictments.  (SF Vol. 2, pp. 12 and 13)  After a while she called things off because of a drinking problem, drugs, selling drugs and his behavior was getting more violent.  (SF Vol. 2, p. 13)  When Appellant got out of prison she allowed him to stay for a few weeks so he could help her with recovery from surgery.  (SF Vol. 2, p. 13)  After being out with friends, she came home and found several suit cases in her living room.  (SF Vol 2, p. 14)  Appellant was intoxicated.  (SF Vol 2, p. 15)  She then described several incidents of assault, including choking (SF Vol 2. pp. 15-21) The State offered State's Exhibits 1-10 – photos taken by the police that evening showing her injuries (St Ex. 1-4) and the scene (St. Exs. 5-10).  The defense had no objection and the photos were admitted (SF Vol 2, p.21; Vol 3, pp. 7-16).  At one point the Appellant left the room and she went into her

bathroom, locked the door and called 911. (SF Vol 2, p. 23)   The State then offered the 911 tape.  The defense had no objection and the tape was admitte3d and played.  (SF Vol 2, pp. 24-25)  During the 911 call she stated Appellant broke into the bathroom.  She terminated the call.  He slapped her one time on the leg, grabbed his back pack and left.  (SF Vol 2, p. 25)  She found he phone and called 911 again.  (SF Vol 2, p; 25).  This portion of the tale was played for the court.  (SF Vol 2, p. 26).

After the police left, Appellant began texting her.  (SF Vol 2, p. 28) Copies of the texts were identified as State Exhibits 17-19.  The exhibits were admitted with no objection by the defense.  (SF Vol 2, pp. 29) She testified that he convinced her ex-husband and her to sit down and have a conversation.  She stated that Appellant convinced them it was a one-time drinking problem, it would never happen again and that he needed help.  She stated "we" agreed to help him and allowed him back.  (SF Vol 2, p. 29).  In one of the text's (State's Exhibit 19) she testified that Appellant tried to convince her to lie to the police about the incident.  (SF Vol. 2, p. 30)  She stated that she and her ex-husband met with Appellant at a restaurant. Appellant told her that he had not drank in almost a year, he did not realize the effect it had on him and that it would never happen again.  He asked for help.  She agreed to get him in with their church and with AA and get him to

a safe place. (SF Vol 2, p. 31) Ms. Parker testified that Appellant came back to her residence that night. She went to work the next morning. She started getting strange text messages from him while at work. The State introduced the text messages as State's Exhibits 20-26 (SF Vol. 2, p. 32; SF Vol 3, pp. 20-32). There was no objection to the exhibits. (SF Vol 2, p. 32). The text messages stated Appellant was going to flee, move to Galveston, get a new identity, and move to Thailand forever. (SF Vol 2, pp. 32-33) The texts continued, getting weirder and weirder. (SF Vol 2, p. 34) Ms. Parker left work early and returned home. She called her ex-husband and left him on the line. (SF Vol. 2, p. 37) When she tried to open the door, there appeared to be another key in the lock. (SF Vol 2, p. 37) Appellant opened the door. As soon as she walked in, he attacked her, slamming her against the door. (SF Vol 2, p. 37) The Appellant appeared to be intoxicated. (SF Vol 2, p. 38) She went to the bathroom. When Appellant left the room, she asked her ex-husband to call 911. (SF Vol 2, p. 38) Appellant came into the bathroom and slammed into her. HE slammed her against the vanity and her head against the sink. She bolted for the front door, but he slammed it shut. He had an electric razor in his hand. "[T]his time he really strangled [her]." (SF Vol 2, p. 38) He kept saying he was not going back to prison. (SF Vol. 2, p. 39) Ms. Parker's ex-husband arrived

and calmed things down. Appellant was convinced to leave. While getting his things together, she testified he attacked her again, jumped on top of her, pushing and screaming at her. (SF Vol 2, p. 42) State's Exhibits 11-15 were introduced and admitted without objection. (SF Vol 2, p. 42) The exhibits showed the damage to the bathroom door and the electric razor that was used to cut her neck. (SF Vol 2, pp. 43-44) She also identified a piece of paper with her name and address that was covered in blood. The exhibit was introduced into evidence without objection. (SF Vol 2, pp. 46-47)

The Appellant testified. (SF Vol 2, pp. 52-81) He acknowledged he had the option for a negotiated plea to prison, a jury trial or an open plea, but he and defense counsel "decided to do an open plea and ask for mercy from the Court." (SF Vol 2, p. 52) He stated he grew up in foster care – 21 foster homes, 13 high schools. He also stated he attended two colleges. (SF Vol 2, p. 53) He stated he had been to State Jail before, but not to prison. He stated that he was willing to do any of the programs recommended after a CATS evaluation. He stated that he had enrolled in a BIPP program for about ten weeks. He stated he had an alcohol program and was going to an AA program. (SF Vol 2, pp. 54-55) He explained how he and Ms. Parker cut their hands on the mirror and the bloody envelope (SF Vol 2, pp. 58-59). The following then occurred:

Q     Do you have anything else to tell the Court at this time?

A     I just want to say that a lot of this stuff that -- that was said in those affidavits and by Ms. Parker isn't all -- all the truth. A lot of that stuff was -- was – was blown kind of out of proportion.

THE COURT:     Why don't you tell me what happened. (SF Vol. 2, p. 60)

The Appellant then testified that although he and Ms. Parker argued, he did not assault her – he did not slam her up against anything, he never twisted her arm, punched her in the stomach or choked her.  (SF Vol 2, p. 61)  When asked by the court why she would make all that up, he stated she wanted his Facebook passwords and they argued about that.  She immediately stated he was being shady.  He knew she had trust issues, but he never thought she would try to get him thrown into prison.  (SF Vol 2, pp. 61-62)

On cross-examination Appellant again denied that he punched Ms. Parker, he never choked her, never slammed her against the wall, he did nothing physical from his end. (SF Vol. 2, p. 66).  He denied taking the phone from her while she was calling 911.  (SF Vol 2, p. 67)  He stated she made up the allegations about choking and punching her on the second incident.  (SF Vol 2, p. 68)  The State then reviewed his criminal record. (SF Vol 2, pp. 71-76)

On Re-direct Appellant stated he did not want a jury trial, that he was pleading guilty and that he was asking for probation. (SF Vol 2, pp. 77-78)

## Summary

Under *Anders*, a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal wholly frivolous. Anders v. California, 386 U.S. 738, 744 (1967). *See also* Garner v. State, 300 S.W.3d 763 (Tex.Crim.App. 2009), Kelly v. State, 436 S.W.3d 313 (Tex.Crim.App. 2014) and Jeffery v. State, 903 S.W.2d 776, 779 (Tex.App.-Dallas 1995, no pet.). An appointed attorney must withdraw from a frivolous appeal by filing a motion to withdraw and a brief in support of the motion. *Id*. The brief is commonly known as an *Anders* brief. *Id.* The purpose of an *Anders* brief is to show counsel performed a conscientious examination of the record and the appeal is so frivolous that the indigent appellant should be denied his right to appointed counsel on appeal. *Id*. After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous. *Anders*, 386 U.S. at 744. Appellant's counsel has reviewed the transcript, the sentence received by Appellant, and the factual basis for the sentence. As set forth below, there are no non-frivolous issues.

# APPELLANT COUNSEL'S ANALYSIS OF THE CASE

## A. Indictment:

The offense of assault family violence as applied in this case is defined in Texas Penal Code § 22.01(a)(1) and (b-2):

§ 22.01. Assault

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(b-2) [Amended by Acts 2017, Texas Acts of the 85th Leg. - Regular Session, ch. TBD] Notwithstanding Subsection (b)(2), an offense under Subsection (a)(1) is a felony of the second degree if:

(1) the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

(2) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; and

(3)     the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

Section 22.01(b-2)(2) enhances the offense of assault causing bodily injury from a class A misdemeanor to a second-degree felony. See Marshall v. State, 479 S.W.3d 840, 842 (Tex.Crim.App. 2016) As relevant here, the offense is a second-degree felony if it is committed against "a person whose relationship to or association with the defendant is described by Section ... 71.005 [defining household], Family Code" and if "it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter ... against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code and the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth" TEX. PENAL CODE ANN. § 22.01(b-2).

Under a hypothetically correct jury charge, the State was required to prove (1) appellant (2) intentionally, knowingly, or recklessly (3) caused bodily injury to the complainant (4) who is a member of appellant's household, (5) had previously been convicted of an assault involving family

violence and (6) did then and there intentionally, knowingly, or recklessly impede the normal breathing or circulation of the blood of the complainant by blocking her nose or mouth *See* Marshall v. State, *supra*.

The indictment in this case tracks the statutory language. It alleges that the Appellant intentionally, knowingly and recklessly caused bodily injury to Stephanie Parker by various means and that prior to the incident he had been previously convicted of an assault against a family member in a specified case in Denton County, Texas and that he intentionally, knowingly and recklessly impeded the complainant's normal breathing and circulation by applying pressure to her throat and neck and by blocking her nose and mouth. (R 254, p. 7).

No objections were made to the indictment. The failure to object to the form or substance of the indictment prior to trial constitutes a waiver of the error, if any. See Tex.Const. art. V, § 12(b); Tex.Code Crim.Proc.Ann. § 1.14(b); Fisher v. State, 887 S.W.2d 49, 54-55 (Tex.Crim.App.1994); Studer v. State, 799 S.W.2d 263, 268, 273 (Tex.Crim.App.1990). The indictment contains all the requisites as required by Arts. 21.01 through 21.17 of the Code of Criminal Procedure. There are no defects of form or substance in the allegations in the indictment that prejudice the substantial rights of the Appellant. *See* Art. 21.19, Tex. Code Cr. Proc.

## B.   Plea Papers

A document titled Plea Agreement was filed in this case. (R 254, p. 19-22)  The first part states that the defendant will plead guilty, and it will be an "open plea." (R253, p. 32).  The document included a section titled "Court's Admonitions to Defendant" where the trial court stated Appellant was charged with the offense of "Assault FV (enh)(imp)" and the punishment range for a second degree felony at 2-20 years and an optional fine up to $10,000.  (R 254, p.20).  The document includes admonitions about the Appellant's right to a jury trial, to confront and cross-examine witnesses and his right to testify in his own behalf if he chooses to. (R 254, p. 20).  The court also advised that the prosecutor's recommendation on punishment was not binding on the court, and if the court rejected the plea bargain, the Appellant would be permitted to withdraw his plea of guilty. (R 254, p. 20)  The court then stated that if the punishment was not greater than the plea bargain, the Appellant would not be able to appeal the case with certain exceptions not applicable in this case.  (R 254, p. 20).  The court then advised the Appellant about certain time limits he and his counsel had to prepare.  (R 254, p. 20).  The trial court then stated that if the Appellant received unadjudicated community supervision and violated the conditions of probation, Appellant would be subject to arrest and a hearing to determine

if guilt should be adjudicated.  If guilt was adjudicated, then the full range of punishment would be open to the court.  (R 254, p. 20).

The plea agreement document continued with a section titled "Defendant's Statements and Waivers."  (R 254, p. 20).  The Appellant stated that he was the accused and was mentally competent, that he understood the nature of the accusation, the range of punishment and the consequences of a plea of guilty or nolo contender. (R 254, p. 20).  He stated that he knew he had an absolute right to a jury trial, a right to remain silent, that anything he said could and would be used against him, that he had the right to confront and cross-examine the witnesses against him and the right to be tried upon an indictment returned by the Grand Jury. (R 254, p. 20) After acknowledging immigration issues not relevant to his case, he waived his right to be tried upon an indictment returned by the Grand jury, any defects in the indictment, the right to a jury trial and the right to remain silent. (R 254, p. 21)   He also waived arraignment, the reading of the indictment.  He waived the appearance (R 254, p. 21), confrontation and cross-examination of witnesses, his right to ten days to prepare for trial after the appointment of counsel and the preparation of a pre-sentence report,  (R 254, p. 21)  The next paragraph includes a judicial confession where the Appellant admits that he committed the offense of "Assault FV (enh) on

_____ exactly as alleged" in the indictment. (R 253, p. 21) He affirmed that his plea and judicial confession were freely and voluntarily made and not influenced by any consideration of fear, persuasion or delusive hope of pardon or parole. (R 254, p. 21) He stated he understood the admonitions regarding unadjudicated community supervision. (R 254, p. 21) He stated he understood his rights under the Uniform Extradition Act. He stated he understood he did not have a right to appeal the plea if the Court followed the terms of the State's recommendation as to sentencing. (R 254, p. 21) Appellant signed the plea agreement stating that his attorney explained the document to him, that he understood it and that the plea, his statements and waivers were knowingly, freely and voluntarily made with full understanding of the consequences. He asked the trial court to accept his plea. (R 253, p. 34)

The Appellant, his defense counsel, the prosecutor and the trial judge signed the document and it was filed with the court clerk. (R 254, p. 21)

A document entitled "Judicial Confession was introduced into evidence as State Exhibit 1. (R 254, p. 30-31; SF, p. 6) The document signed by the Appellant and his counsel states that the Appellant consents to the stipulation of evidence and waives the appearance, confrontation and cross-examination of witnesses and that he consents to the introduction of

the "Judicial Confession." (R 254, pp. 30-31; SF-Plea Vol. 2, pp. 6; State's Exhibit 1 – hereinafter cited as "ST Ex 1"). The "Judicial Confession" then states that, after waiving his state and federal constitutional rights against self-incrimination, and after being sworn, upon oath, committed the offense as detailed in the indictment:

on or about the 7th day of November, 2017, in Dallas County, Texas, I did then and there intentionally, knowingly, and recklessly cause bodily injury to STEPHANIE PARKER, hereinafter called the Complainant, by GRABBING AND SQUEEZING COMPLAINANT'S NECK AND THROAT WITH A HAND AND HANDS, BY LIFTING COMPLAINANT OFF THE GROUND WHILE GRABBING AND SQUEEZING COMPLAINANT'S NECK AND THROAT AND BY FORCING COMPLAINANT TO AND AGAINST A DOOR,

and further, the said offense was committed under the following circumstances, to-wit: the Complainant was a member of the Defendant's family and household and a person with whom the Defendant has had a dating relationship,

and further, the Defendant committed the said offense by intentionally, knowingly, and recklessly impeding the Complainant's normal breathing and circulation of blood by applying pressure to the Complainant's throat and neck and by blocking the Complainant's nose and mouth,

and further, the Defendant has been previously convicted of an offense under Texas Penal Code Chapter 19 and 22, and Sections 20.03, 20.04, 21.11 and 25.11 committed against a member of the Defendant's family and household and a person with whom the Defendant has had a dating relationship: ASSAULT CAUSES BODILY INJURY FAMILY MEMBER on or about the 6TH day of JULY, 2012, in the COUNTY CRIMINAL COURT NO.1 of DENTON County, Texas, in Cause Number CR200806625A,

## C. Judgment of Conviction

The Judgment of Conviction (R 254, pp. 23-25) appears to be proper and states each of the applicable requirements of Art. 42.01 of the Code of Criminal Procedure. The Judgment was signed by the trial court and entered of record. It reflects:

1. The title and number of the case;

2.     That the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant;

3.     The plea of true to the offense charged;

4.     The submission of the evidence;

6.     The verdict or findings of the court;

7.     That the defendant was adjudged guilty of the offense as found by the finding of the court, and that the defendant be punished in accordance with the court's finding as to the proper punishment;

8.     That the defendant was sentenced a term of confinement;

9.     The county and court in which the case was tried;

10.     The offense for which the defendant was convicted;

11.     The date of the offense and degree of offense for which the defendant was convicted;

14.     The term of sentence;

15.     The date judgment was entered;

16.     The date sentence was imposed;

17.     The date sentence was to commence and any credit for time served;

18.   The terms of any order entered pursuant to Article 42.08 Texas Code of Criminal Procedure that the defendant's sentence is to run concurrently with another sentence or sentences;

19.   The terms of any plea bargain (The record indicates that this case did not have a plea bargain on the issue of sentence (R 254, p. 19; SF- Vol. 2, pp. 6, 52);

20.   The defendant's thumbprint was taken in accordance with Article 38.33 of the code of criminal procedure (Article 38.33 of the Code of Criminal Procedure requires that the defendant's right thumbprint be rolled legibly on the judgment or docket sheet in the case.  This was not done, but the Judgment states:  "Thumbprint Certificate attached." (R 254, p. 24).  In the Record on Appeal is a document titled "Judgment Certificate of Thumbprint." (R 254, p. 25). The document appears to comply with the requirements of the statute. Further there is nothing in the record to indicate that the fingerprint is for anyone other than the Appellant.  No objection was lodged below to the failure of the Judgment or the docket sheet to include a rolled fingerprint of the Appellant's right thumbprint.);

21. The trial court did not order the defendant to repay a reward or part of a reward under Articles 37.073 and 42.152 of the code of criminal procedure;

22. The trial court did not order restitution to be paid to the victim;

23. The Appellant was not required to register as a sex offender;

24. The Appellant's state identification number was entered; and

25. The state incident number was entered.

## D. Potential Ground of Error

During the hearing on punishment the Appellant clearly testified that he was not guilty. (See pages 10-11 above and SF Vol 2, pp. 61, 63-64, 66, 67, 68, 69). However after making the initial statements to the trial court on direct examination, he following occurred:

Q (BY MR. SMITH) Now, Mr. Ramey -- now, we basically -- we are doing an open plea here; do you understand that?

A Yes, sir.

Q And you entered a plea of guilty?

A Yes.

Q And we gave up our right to a jury trial?

A Yes, sir.

THE COURT: I'm a little bit confused. If you didn't do any of the things that she says, that she has testified that you did, why are you pleading guilty?

THE DEFENDANT: I guess I know how the court system works. I know -- I know how I look. I know how she looks. I know that it doesn't look good for me. I just -- I really want to get back out there to my kids. She -- she has no reason to fear me whatsoever. She -- like I said, she'll never see me again for -- for -- for the rest of her life and the rest of my life. I -- the only thing I want to do is get back to my children. My relationship with my daughter was very, very close one, and she hasn't seen her father now in over a year and a half. And my son is two-years-old and I've been locked away for almost a year now. (SF Vol 2, pp. 64-65)

After his cross-examination, the following occurred:

REDIRECT EXAMINATION
BY MR. SMITH:

Q      Johnathon, do you want to have a jury trial?

A      No, sir.

Q      All right. Are you pleading guilty?

A      Yes, sir.

Q      And, again, you're asking for a chance at probation to prove to the Court you -- you can do it?

A      Yes, sir. And I -- I also enrolled in the BIPP class. I've done ten weeks and I plan to continue after I get out of here.

Q     And you're asking for a chance at the felony domestic violence specialty court program?

A     Yes, sir.

Q     IOP?

A     Yes, sir.

Q     High-risk caseload?

A     Yes, sir.

Q     Anything -- anything, but for prison, is what we're asking for here?

A     Yes, sir. I'm asking for the chance to get out there and be able to be a father to my children and lead by example. (SF Vol 2, pp. 77-78)

Prior to 1978 the trial court would have been required to withdraw Appellant's plea and set the case for a trial.  See Moon v. State, 572 S.W.2d 681 (Tex. Crim. App. 1978). [3] However the current law does not require

_____

[3]     In a long line of authorities the Court of Criminal Appeals has held that when the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required on its own motion to withdraw the defendant's guilty plea or nolo contendere plea and enter a not guilty plea for the defendant. E. G. Harris v. State (76 Tex.Cr.R. 126), 172 S.W. 975 (Tex.Cr.App.1915); Edwards v. State (134 Tex.Cr.R. 153), 114 S.W.2d 572 (Tex.Cr.App.1938); Navarro v. State (141 Tex.Cr.R. 196), 147 S.W.2d 1081 (Tex.Cr.App.1941); Rayson v. State (160 Tex.Cr.R. 103), 267 S.W.2d 153 (Tex.Cr.App.1954); Fite v. State (163 Tex.Cr.R. 279), 290 S.W.2d 897 (Tex.Cr.App.1956); Richardson v. State (164 Tex.Cr.R. 500), 300 S.W.2d 83 (Tex.Cr.App.1957); Edworthy v. State, 371 S.W.2d 563 (Tex.Cr.App.1963); Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968); Swanson v. State, 447 S.W.2d 942

such action. The trial court is not required to withdraw a defendant's plea of guilty sua sponte and enter a plea of not guilty when a defendant enters a plea of guilty before the trial court after waiving a jury, even if evidence is presented that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to his guilt. *See id.* at 682. The *Moon* decision reasoned that it is the trial court's duty to consider the evidence submitted and, as the trier of facts, the court may find the defendant guilty of the crime charged or a lesser offense or it may acquit the defendant. Thus, no valid purpose would be served to require a trial court to withdraw a guilty plea. *See* Moon, 572 S.W.2d at 682; Solis v. State, 945 S.W.2d 300, 303 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd); Edwards v. State, 921 S.W.2d 477, 480 (Tex.App.--Houston [1st Dist.] 1996, no pet.).

The entry of a valid guilty plea "has the effect of admitting all material facts alleged in the formal criminal charge." Ex parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986). In a trial before the court, once a

---

(Tex.Cr.App.1969); Hays (Hayes) v. State, 484 S.W.2d 922 (Tex.Cr.App.1972); Lee v. State, 503 S.W.2d 244 (Tex.Cr.App.1974); Lewis v. State, 529 S.W.2d 550 (Tex.Cr.App.1975); Gates v. State, 543 S.W.2d 360 (Tex.Cr.App.1976); Woodberry v. State, 547 S.W.2d 629 (Tex.Cr.App.1977); Malone v. State, (548) S.W.2d (908) ((Tex.Cr.App 1977). This rule has been recognized and applied even when a jury has been waived and the plea is before the court without a jury. Burks v. State (145 Tex.Cr.R. 15), 165 S.W.2d 460 (Tex.Cr.App.1942); Gonzales v. State, 480 S.W.2d 663 (Tex.Cr.App.1972); Faz v. State, 510 S.W.2d 922 (Tex.Cr.App.1974); Trevino v. State, 519 S.W.2d 864 (Tex.Cr.App.1975); Cooper v. State, 537 S.W.2d 940 (Tex.Cr.App.1976); Sanchez v. State, 543 S.W.2d 132 (Tex.Cr.App.1976).

defendant enters a valid guilty plea, no constitutional "fact questions" remain for the purposes of his constitutional right to a factual sufficiency review of the evidence used to convict him. The State is no longer required to prove his guilt beyond a reasonable doubt. *See id*. In fact, for the purposes of federal due process, a plea of guilty is itself a conviction awaiting only determination of punishment. *See* Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also* O'Brien v. State, 154 S.W.3d 908, 910 (Tex. App.-Dallas 2005, no pet.) (holding no federal due process right to factual sufficiency review). In Texas, however, the State is also bound by statute to support the plea with sufficient evidence. See Tex. Code Crim. Proc. Ann. art. 1.15. Under Article 1.15, Texas Code of Criminal Procedure, the State is required to introduce evidence demonstrating the defendant's guilt. Tex.Code Crim. Proc. Ann. art. 1.15. A judicial confession alone is usually sufficient to satisfy the requirements of Article 1.15 "so long as it embraces every constituent element of the charged offense." Menefee v. State, 287 S.W.3d 9, 14 (Tex.Crim.App.2009).

A defendant relinquishes his right to complain about the State's proof of his guilt beyond a reasonable doubt when he voluntarily enters his guilty plea. McGill v. State, 200 S.W.3d 325, 330 (Tex.App.--Dallas 2006, no pet.) Due process is not denied by a conviction based on a plea of guilty

accompanied by a strong factual basis for the plea and a defendant's clearly expressed desire to enter it despite his professed innocence. <u>McGill v. State</u>, *supra*; <u>Mendez v. State</u>, 138 S.W.3d 334, 344 (Tex.Crim.App. 2004) (citing <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). The number of cases in which defendants change their mind about the waiver of their right to plead not guilty is small, the appearance of evidence inconsistent with guilt is unpredictable to the court, and cases are common in which there is some evidence in the defendant's favor but he has validly chosen to plead guilty after weighing the advantage of such a plea against the chance of acquittal. *See* <u>Mendez</u>, 138 S.W.3d at 350. After a trial court has implemented the constitutional rights entailed in the entry of a guilty plea, it is "appropriate that the defendant be required to take some affirmative action to don the armor again" if he wants an appellate court to review the factual sufficiency of the evidence against him. See id.

If a guilty-pleading defendant decides mid-trial that he wants to compel the trial court to evaluate the evidence under the reasonable doubt standard, he must seek to withdraw the plea of guilty. <u>McGill v. State</u>, *supra* If he fails to do so, he is precluded from having an appellate court review the evidence against him under the traditional legal and factual sufficiency

analyses. <u>McGill v. State</u>, *supra* ; Simpson v. State, 67 S.W.3d 327, 329 (Tex. App.-Texarkana 2001, no pet.).

In <u>Valle v. State</u>, 747 S.W.2d 541, 546 (Tex.App. —Fort Worth 1988, no pet.) the Appellant testified as to the reasons he pled guilty. The Court stated:

> "The fact that appellant entered a plea of guilty in hope of escaping the possibility of a higher sentence does not invalidate the plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Hill v. Estelle, 653 F.2d 202 (5th Cir.1981), cert. denied, 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981). This is not fear of bodily harm, improper inducements or 'terror' which the statute is meant to circumvent. See Boykin, 395 U.S. at 243, 89 S.Ct. at 1712; see also Jones v. Estelle, 584 F.2d 687 (5th Cir.1978)."

In <u>Lawal v. State</u>, ,368 S.W.3d 876, 885 (Tex.App.--Houston [14th Dist.] 2012, no pet.) the Houston Court of Appeals stated:

> "A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court. Jackson v. State, 590 S.W.2d 514, 515 (Tex.Crim.App.1979); Jagaroo v. State, 180 S.W.3d 793, 802 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). If, however, a defendant desires to withdraw his guilty plea after the court has taken the case under advisement, withdrawal of the plea is within the sound discretion of the court. Jackson, 590 S.W.2d at 515; Jagaroo, 180 S.W.3d at 802. After a trial court has admonished a defendant, received the plea and evidence, and passed the case for pre-sentence investigation, the case has been taken under

advisement. DeVary v. State, 615 S.W.2d 739, 740 (Tex.Crim.App.1981); Jagaroo, 180 S.W.3d at 802.[1] Because Lawal did not seek to withdraw his plea until the case had been taken under advisement, he could not withdraw the plea as a matter of right.

* * *

Nevertheless, because the judge is free to make any finding based on the evidence regardless of the plea, withdrawal of a guilty plea is not required even when evidence in a PSI raises an issue of a defendant's innocence. Fisher v. State, 104 S.W.3d 923, 924 (Tex.App.-Houston [14th Dist.] 2003, no pet.); Graves v. State, 803 S.W.2d 342, 346 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd). Proper admonishments by a trial court establish prima facie proof that a guilty plea was entered knowingly and voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex.Crim.App.1998); Houston v. State, 201 S.W.3d 212, 217 (Tex.App.-Houston [14th Dist.] 2006, no pet.). The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. Houston, 201 S.W.3d at 217. A defendant has a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. Id."

In the pre3sent case there is absolutely no indication that Appellant wished to withdraw his plea of guilty. The transcript clearly shows that although the Appellant denied doing the acts alleged in the indictments, he clearly wished to continue with his plea of guilty and try to get a probated sentence. Without some hint the Appellant wished to withdraw his plea, counsel on appeal cannot make an effort to raise the issue on direct appeal.

# Conclusion

Based on the review of the Clerk's Record and the Statement of Facts it is counsel's belief that there are no arguable grounds of error to present to this Court of Appeals.

Respectfully submitted,
/s/ **Ronald L. Goranson**
**RONALD L. GORANSON**
3838 Oak Lawn Avenue, Ste. 1124
Dallas, Texas 75219
(214) 651.1122
(214) 871.0620 (fax)
State Bar No. 08195000
Email – rlgatty@aol.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the Appellant's Brief was delivered to Ms. Lori Ordiway, Assistant District Attorney, Appellant Division, Dallas County District Attorney's Office, 133 N. Riverfront Blvd, 10th floor, Dallas, Texas, 75207 this May 31, 2018.

/s/Ronald L. Goranson
**RONALD L. GORANSON**

## CERTIFICATE OF SERVICE - APPELLANT

I certify that the above Appellant's Anders Brief was placed in an envelope properly addressed and mailed to:

**Johnathon C. Ramey
TDJC # 2182808
John Middleton Unit
13055 FM 3522
Abilene, TX  79601**

on this May 31, 2018.  I further certify that a copy of the Statement of Facts and the Appellate Record have been forwarded to Appellant at the above address, along with a letter advising him of his right to file an appeal brief and the address of this Court of Appeals.  Also enclosed was a copy of a motion requesting an extension of time within which to file him brief.

/s/Ronald L. Goranson
**RONALD L. GORANSON**

## Certificate of Compliance

Pursuant to Rule 9.4(i)(3), Texas Rules of Appellate Procedure, counsel for Appellant certifies that there are 6507 words in this document pursuant to the inclusions and exclusions required by Rule 9.4(i)(1), Texas Rules of Appellate Procedure.

/s/Ronald L. Goranson
**RONALD L. GORANSON**